IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFERY FRANCIS,

  *Plaintiff*

  v.

ROBERT FLEEGLE, *et al.*,

  *Defendants.*

Civil No. ELH-21-1365

**MEMORANDUM**

This case arises from an assault on plaintiff Jeffery Francis, allegedly committed by a corrections officer while plaintiff was incarcerated at the Maryland Correctional Training Center ("MCTC"). Through counsel, plaintiff filed suit on June 2, 2021. ECF 1 (the "Complaint"). The Complaint named as defendants the State of Maryland ("State"); Robert Fleegle, the corrections officer alleged to have committed the assault; Richard Dovey, the MCTC Warden; and Robert Green, the Secretary of the Maryland Department of Public Safety and Correctional Services. ECF 1, ¶¶ 9-12. The State, Dovey, and Green moved to dismiss or, in the alternative, for summary judgment. ECF 17.

Thereafter, plaintiff filed an Amended Complaint. ECF 22 (the "Amended Complaint"). The State was not named as a defendant in the Amended Complaint. ECF 22, ¶¶ 8-10.

The Amended Complaint necessarily moots the original motion to dismiss (ECF 17), because the Amended Complaint replaces and supersedes the original Complaint, to which the motion was directed. *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Therefore, I shall deny ECF 17, as moot.

Defendants Dovey and Green are represented by the Office of the Maryland Attorney General, and have responded to the Amended Complaint via a second motion to dismiss or, in the alternative, for summary judgment. *See* ECF 27. However, the Office of the Attorney General has declined to represent Fleegle and, as a result, the Court granted him an extension to respond so that he could obtain his own counsel. ECF 18; ECF 19. After Fleegle obtained counsel, defense counsel submitted a request for an extension (ECF 30) and a proposed order (ECF 30-1), seeking until November 25, 2021, to respond to the suit. The Court granted the request. ECF 32.[1]

However, Fleegle did not respond by November 25, 2021, which was Thanksgiving day. And, under Local Rule 504.1, because the Court was closed from November 25, 2021, until November 29, 2021, the response was not due until November 29, 2021.

On Monday, November 29, 2021, plaintiff requested an entry of default pursuant to Fed. R. Civ. P. 55(a), citing Fleegle's failure to answer or otherwise respond to the Amended Complaint. ECF 37 (the "Request for Default").[2] The Request for Default is supported by a Declaration from plaintiff's counsel. ECF 37-1. In actuality, however, the Request for Default was premature, because defendant's response was not due until the date the Request for Default was filed.

Nevertheless, Fleegle did not respond until Wednesday, December 1, 2021. At that time, Fleegle moved to dismiss the suit, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 39 (the "Motion to

---

[1] ECF 29 is a duplicate extension request. It shall be denied as moot.

[2] Plaintiff's request was directed to the Court, and includes a proposed order for my signature. *See* ECF 37. But, under Fed. R. Civ. P. 55(a), a request for entry of default is directed to the Clerk.

Nevertheless, the Court may address the Request for Default. *See, e.g.*, *Mutual of America Life Ins. Co. v. Smith*, DKC-16-1125, 2018 WL 741684 (D. Md. Feb. 7, 2018) (denying motion for entry of default); *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (denying motion for entry of default).

Dismiss"). The Motion to Dismiss did not address the Request for Default, nor does it offer an explanation for the tardiness by Fleegle's counsel.

Adherence to this Court's deadlines is important. Nevertheless, in view of Fleegle's filing of a response to the Amended Complaint, I shall deny plaintiff's Request for Default. The Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Fleegle has alleged a substantive, meritorious defense in his Motion to Dismiss. *See Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997) ("All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party."). And, there will be no prejudice to plaintiff by denying a request for entry of default filed as to a motion to dismiss submitted two days after the deadline. Nor has plaintiff alleged any prejudice in his Request for Default. *See, e.g.*, *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (denying motion for entry of default when motion to dismiss was untimely by only three days as well as filed before the motion for entry of default, and when there was no substantial prejudice from brief delay); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 86-87 (D.D.C. 1981) (denying entry of default when motion to dismiss was untimely by nearly a month, when plaintiff did not allege substantial prejudice by delay, and given preference to decide cases on the merits).

Therefore, I will deny plaintiff's Request for Default (ECF 37).

An Order follows.

Date: December 2, 2021  /s/
Ellen L. Hollander
United States District Judge